UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MODDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>TICKETFLY,<br><br>    Defendant. | Case No. 18-cv-06450-RS<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

**I. INTRODUCTION**

This case arises from a dispute over the sale and subsequent revocation of a ticket to a musical concert in New York City. *Pro se* plaintiff Thomas Modden advances several state law claims flowing from Defendant Ticketfly's revocation of his ticket and cancellation of his customer account. Ticketfly now moves for dismissal of the Second Amended Complaint ("SAC") with prejudice. For the reasons set forth below, the motion to dismiss is granted. Modden is granted leave to amend with respect to his claims for invasion of privacy and for breach of contract. Leave to amend is denied with respect to all other claims.

**II. BACKGROUND**

**A. Factual Background**

The factual background of this case is set forth in large part in the Order Granting Motion to Dismiss and Denying Motion to Transfer issued on January 3, 2019.

**B. Procedural Background**

In June 2017, Modden filed suit against Ticketfly for defamation, sex discrimination,

invasion of privacy, negligent infliction of emotional distress, intentional infliction of emotional distress, and restraint of trade. The action was removed to the Eastern District of New York and subsequently transferred to the Northern District of California, where Ticketfly moved to dismiss the complaint with prejudice. The initial complaint was dismissed with leave to amend on January 3, 2019. Modden subsequently filed an Amended Complaint. It was later revealed that, although a copy of the January order was mailed to Modden, it was never successfully delivered. Accordingly, Modden was granted leave to file another amended complaint addressing the deficiency identified in that order. In April 2019, Modden filed the SAC, which once again alleges defamation, invasion of privacy, sex discrimination, intentional infliction of emotional distress, negligent infliction of emotional distress, and unlawful restraint of trade. Modden also includes a new cause of action for breach of contract.

## III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Courts, however, need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV. DISCUSSION[1]

### A. Defamation

To state a claim for defamation under either California or New York law, a plaintiff must establish, among other things, that the defendant published a false statement about the plaintiff to a third party. *See Sanders v. Walsh*, 219 Cal. App. 4th 855, 862 (Cal. Ct. App. 2013); *Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 163 (E.D.N.Y. 2014). Modden once again fails to allege facts tending to support such a finding. First, Modden does not plead facts tending to show Ticketfly made any false statements about him. The SAC states that Ticketfly defamed him by "inferring that his conduct would not be suitable at future Ticketfly events by terminating his account." SAC 8.[2] In his view, Ticketfly's "assumption that [he] was guilty of unlawful conduct or moral turpitude" qualifies as a false statement about him. *Id.* In other words, Ticketfly's "actions" were defamatory because of the "inference that [he] was a dangerous person and could not be trusted." *Id.* 9. The act of cancelling Modden's ticket, however, cannot be fairly characterized as a false statement.

Second, Modden fails to plead facts tending to show any false statements were *communicated to a third party*. Instead, he bases his conclusion that Ticketfly defamed him on the fact that (1) the traffic to his Twitter page spike around the date his Ticketfly account was terminated, (2) Pandora, the "one time parent company" of Ticketfly, at some unspecified point in time removed his music from their website, and (3) that a music writer contacted him about the present lawsuit. While these facts perhaps suggest "rumors were circulating about [him]," *id.* 8, they do not suggest Ticketly was responsible for propagating this gossip, or that what was said

---

[1] The parties agree California law applies to this dispute. Even if New York law were to apply, however, the outcome of this motion would be the same. As explained in the January 3, 2019 order granting dismissal of the initial complaint, there is a significant amount of overlap in the requirements for each cause of action under California and New York law.

[2] There appears to be an error in Modden's pagination of the SAC. Accordingly, the SAC page numbers listed in this order are based on the PDF pagination rather than the numbers actually written on each page.

1  about him was false. Indeed, Modden admits that he does not know the substance of these alleged

2  rumors. *Id.* 9 ("Whatever complaint[] [the band member] communicated to Ticketfly in regards to

3  [Modden], it was extreme and egregious character assassination, yet false."). Accordingly, this

4  claim must be dismissed.

Although leave to amend is granted liberally, it is clear based on the three complaints filed to date that Modden does not have any plausible basis for his belief that Ticketly made false statements about him to third parties. Under such circumstances, granting leave to amend would be futile. The defamation claim is therefore dismissed without leave to amend.

### B. Sex Discrimination

Modden also fails to allege sufficient facts to support his allegation of sex discrimination. The SAC indicates Ticketfly revoked Modden's ticket based on the band's request. Modden believes Ticketfly assumed he was in the wrong because he is a man and accepted the band member's version of events because she is a woman. Modden does not, however, point to any facts to support this assertion. Rather, he claims this is an example of *res ipsa loquitur* because "[i]n American society, we are basically trained to accommodate women [and] discriminat[] against men." SAC 11. Modden's unsupported belief that Ticketfly discriminated against him on the basis of sex is insufficient to survive a motion to dismiss. It is clear, based on Modden's pleading and briefing to date, that he does not possess sufficient facts to support a discrimination claim and that granting leave to amend would be futile. Accordingly, this claim is dismissed without leave to amend.

### C. Negligent or Intentional Infliction of Emotional Distress

Under California law, a plaintiff may establish intentional infliction of emotional distress by showing: (1) extreme or outrageous conduct by the defendant, (2) severe or extreme emotional distress by the plaintiff, (3) the defendant's outrageous conduct proximately caused the plaintiff's distress, and (4) the defendant intended to cause distress or acted with reckless disregard of the possibility of causing emotional harm. *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (Cal. 1991) (quotation omitted). While California does not recognize an independent tort of negligent

infliction of emotional distress, a plaintiff may recover under an ordinary negligence theory if the emotional distress suffered by the plaintiff is "serious" and there is a "guarantee of genuine[]" emotional harm under the circumstances. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 986 (Cal. 1993).

Ticketfly's alleged actions fall short of the sort of outrageous conduct required to sustain a claim for intentional infliction of emotional distress. To qualify as outrageous, a defendant's conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter*, 6 Cal. 4th at 1001 (quotation omitted). Modden's complaint, at its heart, alleges Ticketfly revoked a concert ticket and cancelled his customer account without explanation. This conduct clearly does not qualify as extreme or outrageous. Even if Ticketfly's conduct were extreme or outrageous, Modden fails plausibly to allege the company intended to cause severe emotional distress or acted with reckless disregard of the possibility of causing such distress.

Modden's negligence claim also fails. As explained in the January 3, 2019 order of dismissal, it is highly unforeseeable that a dispute over cancellation of concert tickets and deactivation of a customer ticketing account would result in severe emotional injury. Furthermore, the mere fact that a plaintiff may be displeased with a particular action, without more, does not impose upon the defendant a duty to refrain from otherwise lawful conduct. Accordingly, Modden again fails to state a claim based on either intentional or negligent infliction of emotional distress. Granting Modden leave to amend this claim for a third time would be futile, accordingly, both claims are dismissed without leave to amend.[3]

---

[3] The elements of intentional infliction of emotional distress under New York and California law are very similar. Under New York law, a plaintiff must show: (1) extreme or outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. *Fisk v. Letterman*, 424 F. Supp. 2d 670, 676 (S.D.N.Y. 2006). Accordingly, the outcome with respect to this claim would be the same under either state's law. Furthermore, to state a claim for negligent infliction of emotional distress under New York law, a plaintiff must allege (1) the defendant owed a duty to the plaintiff, (2) breached that duty, (3) engaged in conduct that unreasonably endangered the plaintiff's physical safety, (4) resulting in plaintiff's emotional injury. *Id.* at 676-77. There is no indication Ticketfly endangered Modden's physical safety, therefore this claim would also fail under New York law.

**D. Unlawful Restraint of Trade**

To state a claim for unlawful restraint of trade under California law, a plaintiff must demonstrate: "(1) the formation and operation of the conspiracy; (2) illegal acts done pursuant thereto; and (3) damage proximately caused by such acts." *Kolling v. Dow Jones & Co.*, 137 Cal. App. 3d 709, 718 (Cal. Ct. App. 1982). In support of this claim, Modden accuses the band member who requested his absence, and with whom he allegedly had a "long distance situation," of having an "emotional state" that was "unstable and sometimes even volatile." SAC 12. He contends her "emotional condition," combined with her alleged "desire to seek retribution" for Modden reporting her allegedly threat tweets about President Trump to law enforcement, motivated her to create a conspiracy against him. *Id.* He further alleges the band member informed Ticketfly that he had reported her and speculates that Ticketfly "could have become [a] co-conspirator in political bias." *Id.* These rather speculative allegations do not suggest the existence of a conspiracy to interfere with Modden's business. Accordingly, Modden fails to state a claim for unlawful restraint of trade under California law. Modden's inability to provide facts tending to show the existence of a conspiracy, despite amending his complaint twice, strongly suggests that granting leave to amend would be futile. Accordingly, the claim for unlawful restraint of trade is dismissed without leave to amend.[4]

**E. Invasion of Privacy**

To establish a claim for invasion of privacy under California law, a plaintiff must establish: (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) an egregious invasion of the privacy interest. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35-37, 39-40 (Cal. 1994). Modden fails adequately to plead any of

---

[4] To establish a claim for unlawful restraint of trade under New York law, a plaintiff must (1) identify the relevant product market, (2) describe the nature and effects of the purported conspiracy, (3) allege how the economic impact of that conspiracy is to restrain trade, and (4) demonstrate that a conspiracy or reciprocal relationship existed between two or more entities. *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 370 (S.D.N.Y. 2012). Modden fails to satisfy this standard as well.

CASE NO. 18-cv-06450-RS
6

these elements. The SAC alleges Ticketfly invaded his privacy by "getting involved in ordinary social drama and private matters of private parties." SAC 10. Modden further contends Ticketfly violated its own privacy policy by allegedly sharing his identifying information with its parent company, Pandora. *Id.* The factual basis for Modden's belief that Ticketfly shared his information with Pandora appears to be that his music is no longer on Pandora's website. This inference is tenuous at best. Even accepting this allegation as true, however, Modden fails to state a claim.

First, he has not provided sufficient information about the type of private information shared with Pandora or the circumstances under which this information was allegedly shared. Without this context, it is difficult to tell whether Modden had any legally protected privacy interest or whether he has plausibly alleged a reasonable expectation of privacy. Furthermore, as currently pled, the SAC does not plausibly establish an "egregious" invasion of Modden's privacy. *Hill*, 7 Cal. 4th at 37 ("No community could function if every intrusion into the realm of private action, no matter how slight or trivial, gave rise to a cause of action for invasion of privacy."). Accordingly, Modden's claim for invasion of privacy is dismissed with leave to amend.[5]

### F. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege, the "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008). Modden advances three primary theories of breach of contract. First, he alleges Ticketfly breached the contract by barring him from the Toothless concert and refunding his ticket even though he did not violate any of the terms of the contact. Second, he contends Ticketfly's termination of his customer account was unjustified under the applicable contract. Finally, the SAC alleges Ticketfly breached the ticketing contract by sharing his data

---

[5] New York does not recognize a common law tort for invasion of privacy. *Messenger v. Gruner + Jahr Print. & Pub.*, 94 N.Y.2d 436, 441 (N.Y. 2000). The state does, however, provide a statutory cause of action for the unauthorized use of a person's name, portrait or picture. N.Y. Civ. Rights Law § 51 (McKinney 2018). This act clearly does not apply to the facts of Modden's complaint. Accordingly, even if New York law applied to this case, Modden would be unable to state a claim.

with Pandora in violation of Ticketfly's privacy policy.

Ticketfly argues these averments are inadequate for several reasons. First, the company argues Modden's failure to allege all the relevant terms of the contract undermines his claim. In particular, Ticketfly argues, he should have alleged whether a written agreement exists and whether there was a separate agreement with respect to the maintenance of his customer account. The company further argues Modden's failure to plead performance is fatal to his breach of contract claim. Finally, Ticketfly argues Modden fails adequately to plead damages because he received a full refund for the ticket and does not explain why he is entitled to special or consequential damages.[6] Under the liberal pleading standard applicable to *pro se* plaintiffs, Modden's failure to specify whether he had a separate written contract for the ticketing of the concert and for the maintenance of his customer account is not fatal. Furthermore, as performance may be pled generally, *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (Cal. Ct. App. 2010), Modden's statement that he did not violate any of the terms of the agreement is sufficient.

Ticketfly is correct, however, that special and consequential damages must be "pled with particularity." *Greenwich S.F., LLC v. Wong*, 190 Cal. App. 4th 739, 754, 760 (Cal. Ct. App. 2010) (citation and quotation omitted) ("Special damages will not be presumed from the mere breach but represent loss that occurred by reason of injuries following from the breach. Special damages are among the losses that are foreseeable and proximately caused by the breach of a contract."). A plaintiff must generally show the "circumstances from which [these damages] arise were actually communicated to or known by the breaching party [] or were matters of which the breaching party should have been aware at the time of contracting." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968-69 (Cal. 2004).

Throughout the SAC, Modden alleges his musical career has been hampered by his

---

[6] Ticketfly also argues that the terms of the ticketing contract limited the company's liability with respect to consequential, exemplary, special, or other indirect damages. Mot. Dismiss 5 (citing Brecklin Decl. Ex. B). Ticketfly does not, however, request judicial notice or incorporation by reference of this document. In any event, Modden appears to dispute that the contract contained any such provisions. Accordingly, Ticketfly's cited document will not be considered here.

inability to use Ticketfly or Eventbrite since the cancellation of his customer account. Modden has not, however, adequately pled facts tending to show Ticketfly knew, or should have known, he was likely to suffer special damages related to his career as a result of the company's actions. Accordingly, the claim for breach of contract is dismissed with leave to amend.

## V. CONCLUSION

For the reasons set forth above, the motion to dismiss is granted. Modden is granted leave to amend with respect to the invasion of privacy and the breach of contract claims. All other claims are dismissed without leave to amend. Should Modden choose to file an amended complaint, he must do so no later than August 29, 2019.

**IT IS SO ORDERED**.

Dated: July 29, 2019

_____
RICHARD SEEBORG
United States District Judge