UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MODDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>TICKETFLY LLC,<br><br>    Defendant. | Case No. 18-cv-06450-RS<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT** |

## I. INTRODUCTION

*Pro se* plaintiff Thomas Modden bought a ticket from defendant Ticketfly to attend a concert in New York City in 2017. Ticketfly cancelled his ticket before the show, issued a full refund, and terminated Modden's Ticketfly account. He sued them in New York state court. The case was removed to federal court, transferred to California, and dismissed, with leave to amend, twice. Ticketfly now moves to dismiss the Third Amended Complaint ("TAC"), which alleges invasion of privacy and breach of contract. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for October 10, 2019 is vacated. Ticketfly's motion is granted, and Modden's complaint is dismissed with prejudice.

## II. BACKGROUND

The factual and procedural backgrounds of this case were set forth in Orders on January 3 and July 29, 2019, respectively. When Modden's Second Amended Complaint ("SAC") was dismissed, he was given leave to amend his invasion of privacy and breach of contract claims. Modden subsequently filed the TAC, requesting $2,500,000 in economic damages, $2,500,000 in

non-economic damages, and that his Ticketfly account be restored.

## III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Courts, however, need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV. DISCUSSION

### A. Invasion of Privacy

To establish a claim for invasion of privacy under California law, a plaintiff must establish: (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) an egregious invasion of the privacy interest. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35–37, 39–40 (Cal. 1994). Legally protected privacy interests are those (a) "precluding the dissemination or misuse of sensitive and confidential information" or (b) "making intimate personal decisions or conducting personal activities without observation, intrusion, or interference." *Id.* at 35. A reasonable expectation of privacy is "founded on broadly and widely accepted community norms." *Id.* at 37. The invasion must be truly egregious to implicate a constitutional privacy right. *Id.*

The TAC alleges essentially the same facts that the SAC did. It states that Ticketfly invaded Modden's privacy by "inserting itself into private matters" between him and one of the band members, TAC at 7, with whom he had a "long distance 'situation,'" *id.* at 4. Modden also alleges that Ticketfly violated its own privacy policy by sharing his identifying information with its parent companies Pandora and Eventbrite. TAC at 11. The factual basis for Modden's belief that Ticketfly shared his information with Pandora appears to be that his music is no longer on Pandora's website. This inference is tenuous at best. Even taking it as true, however, Modden's statements do not support the invasion of privacy elements.

Modden has not provided sufficient facts about the type of private information shared or the circumstances under which such sharing allegedly occurred. Without this context, it is difficult to tell whether Modden had any legally protected privacy interest or whether he has plausibly alleged a reasonable expectation of privacy. His conclusory statements do not suffice. The TAC also does not plausibly establish an "egregious" invasion of Modden's privacy. *Hill*, 7 Cal. 4th at 37 ("No community could function if every intrusion into the realm of private action, no matter how slight or trivial, gave rise to a cause of action for invasion of privacy.").

Modden has not provided any factual allegations new to the TAC that support the three invasion of privacy elements. He has had several opportunities and years to do so. This claim is thus dismissed with prejudice.

**B. Breach of Contract**

To state a claim for breach of contract, a plaintiff must allege, the "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008). Because Modden received a refund for the cancelled ticket, the only monetary damages he claims to have suffered are the economic consequences to his musical career from not being able to use Ticketfly and its parent platforms, and the emotional distress of having Ticketfly adjudicate a personal dispute. Modden's SAC was dismissed because he failed to plead these special and consequential damages with particularity. *See Greenwich S.F., LLC v.*

*Wong*, 190 Cal. App. 4th 739, 754 (Cal. Ct. App. 2010) ("Special damages will not be presumed from the mere breach but represent loss that occurred by reason of injuries following from the breach. Special damages are among the losses that are foreseeable and proximately caused by the breach of a contract." (internal quotation and citation omitted)); *see also Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968–69 (Cal. 2004) ("Special damages are recoverable if the special or particular circumstances from which they arise were actually communicated to or known by the breaching party…or were matters of which the breaching party should have been aware *at the time of contracting*." (emphasis added)).

Throughout the TAC, Modden alleges he has been emotionally damaged and his musical career has been hampered by his inability to use Ticketfly, Pandora, or Eventbrite. The only evidence he provides purporting to show Ticketfly's knowledge of his special damages are the customer service complaints that he sent *after* his ticket and account were revoked. These statements are insufficient to put Ticketfly on notice for two reasons. First, Modden's explanation that cancellation of his ticket was driven by "some ordinary guy/girl problems and the various recriminations that go with that," and that cancellation of his Ticketfly account would "reflect[] badly upon [him] in [his] professional musical endeavors," Exhibits to TAC, at 4, cannot reasonably support the influence that Modden would suffer $5,000,000 in damages from Ticketfly's action. These statements were too vague then to have put Ticketfly on notice, and they are too vague now to save Modden's claim.

Second, these statements were made on June 19, 2017, after Modden's ticket and account had already been cancelled—that is, after Modden purchased his ticket and agreed to Ticketfly's Purchase Terms and Conditions. Nowhere has Modden alleged that Ticketfly knew or should have known about his special damages *at the time of contracting*. Regardless of whether he has shown the other elements, Modden has not sufficiently pled his damages. The breach of contract claim must therefore be dismissed.

## V. CONCLUSION

Despite the liberal pleading standard applicable to *pro se* plaintiffs, Modden's allegations

ORDER GRANTING MOTION TO DISMISS
CASE NO. 18-cv-06450-RS

4

are not sufficient to survive a motion to dismiss. The facts alleged to support his invasion of privacy claim are essentially those that were alleged in the SAC and dismissed as insufficient. He has also failed to allege with particularity facts that would support the $5,000,000 in special damages he requests for the breach of contract claim. For the reasons set forth above, the motion to dismiss with prejudice is granted.

**IT IS SO ORDERED**.

Dated: September 27, 2019

_____
RICHARD SEEBORG
United States District Judge